Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4749 | **DATE** | 7/10/2013 |
| **CASE TITLE** | Vazquez vs. J.P. Morgan Chase Bank, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below–specifically, because Plaintiff's allegations fall far short of demonstrating that the Court has subject matter jurisdiction over this lawsuit–the Court dismisses without prejudice Plaintiff's complaint. The Court denies as moot Plaintiff's motion to proceed in forma pauperis [4] and motion for attorney representation [5].

■[ For further details see text below.]  Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

Plaintiff William Vazquez has filed a complaint against J.P. Morgan Chase National Association (which also is referred to as "f/k/a Washington Mutual Bank) and Fisher & Shapiro, LLC, alleging fraudulent misrepresentation/concealment (Count I) and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II). Plaintiff has not paid the $400.00 filing fee, and instead requests *in forma pauperis* status and the appointment of counsel. However, before reaching these issues, the Court must determine whether it has subject matter jurisdiction over the instant action. The Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over a case. See *Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes,* 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")). The basis for jurisdiction asserted in Plaintiff's complaint is that "Plaintiff is a citizen of a State different from one defendant." As demonstrated below, Plaintiff not only misunderstands the requirements for "complete" diversity jurisdiction, but also fails to make the minimal, necessary showing such that the Court can even consider whether complete diversity jurisdiction exists.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. An individual's citizenship depends on his or her domicile. See *Meyerson v. Harrahs East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002); see also *McMahon v. Bunn–O–Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998). Thus, an individual is a citizen of the state where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir. 2002). Here, Plaintiff has alleged his residence (Illinois) but not citizenship. See *Adams v. Catrambone*, 359 F.3d 858, 861 n.3 (7th Cir. 2004) ("When parties allege residence but not citizenship, the [district] court must dismiss the suit."). Even giving *pro se* Plaintiff the benefit of the doubt as to his citizenship, his complaint

| STATEMENT |
|---|

faces even bigger problems: (i) he fails to properly allege the citizenship of a limited liability company, and (ii) if Fisher & Shapiro's citizenship is Illinois (as alleged by Plaintiff), complete diversity does not exist.

In *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998), the Seventh Circuit held that courts should treat a limited liability company like a partnership for purposes of diversity jurisdiction. Accordingly, the citizenship of each of a limited liability company's members establishes whether complete diversity exists among the parties. See *id;* see also *Hart v. Terminex Int'l,* 336 F.3d 541, 543 (7th Cir. 2003) (noting that "we have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be'") (quoting *Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002)). A federal court must know each member's citizenship, and if necessary, each member's members' citizenship to determine whether diversity of citizenship exists. See *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009) (The state of a limited liability company's principal place of business and where it was formed is irrelevant to its citizenship.). Plaintiff has failed to allege the citizenship of any members of the law firm of Fisher & Shapiro, LLC.

Likely, Plaintiff is a citizen of Illinois and at least one member of Fisher & Shapiro is a citizen of Illinois. See *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 997 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Thomas v. Guardsmark LLC,* 487 F.3d 531, 533–34 (7th Cir. 2007) (same). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). If Plaintiff and Defendant Fisher & Shapiro both are citizens of Illinois, the Court would be without subject matter jurisdiction to hear the disputed claims. However, given the lack of allegations as to the parties' citizenship, the Court cannot even reach that conclusion.

Plaintiff bears the burden of establishing by a preponderance of the evidence that the Court has subject-matter jurisdiction. See *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Plaintiff alleges that the Court has subject-matter jurisdiction based solely on diversity of citizenship between the parties, yet Plaintiff has failed to properly plead the citizenship of at least two of the three parties. Therefore, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction. *Masterpas, Inc. v. Master Pools & Spas, LLC,* 2008 WL 2705177, at *1-2 (N.D. Ind. July 8, 2008) (finding allegations of the complaint insufficient to establish diversity where the citizenship of the LLC's members was not pleaded). Plaintiff's motions to proceed in forma pauperis [4] and for attorney representation [5] are denied as moot. Plaintiff is cautioned that if he is a citizen of Illinois and one of the members of Fisher & Shapiro also is a citizen of Illinois, complete diversity will not exist as a basis for federal court jurisdiction over Plaintiff's fraud claims.